IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER, | CV 19-00039-BLG-SPW-TJC |
| Plaintiffs, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA DOJ as SUPERVISING AGENCY, | |
| Defendant. | |

Plaintiff Edward Huggler submitted a motion to proceed in forma pauperis, together with a proposed Complaint alleging his rights are being violated by various law enforcement agencies within the State of Montana. (Docs. 1, 2.) On April 17, 2019, Mr. Huggler filed an untitled document, seeking an injunction on Ravalli County Justice Court proceedings to be held on May 8, 2019, claiming he was being denied due process and equal protection. (Doc. 4.)

The motion to proceed in forma pauperis will be granted, but the Complaint fails to name a proper defendant and fails to state a claim upon which relief may be granted. Mr. Huggler will be given an opportunity to file an amended complaint, but his request for legal assistance (Doc. 2 at 4) will be denied. The April 17, 2019 filing, construed as a motion for injunctive relief, should be denied.

1

## I.     MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Huggler's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 1) is sufficient to make the showing required by 28 U.S.C. §1915(a).  The request to proceed in forma pauperis will be granted.

## II.    ALLEGATIONS

Mr. Huggler alleges his rights were violated on June 2, 2018 by a Ravalli County Sheriff Deputy when he was pulled over without probable cause.  He then contends that on September 16th he was arrested with excessive force and without probable cause by Montana Highway Patrolman Adam Gane.  He also claims that on April 5, 2019, his rights were violated when a photo was taken at the Big Horn County Jail of his SVOR registration, and a message warning of Mr. Huggler was sent to Shantell Faith, who then spread a false claim on Facebook accusing Mr. Huggler hanging around a school.  He also contends that on April 3, 2019, he was called out of the Office of the Western Motel by Deputy Middleton, who then accused him of whistling and making lewd comments.  (Complaint, Doc. 2 at 1-2.)

Mr. Huggler contends law enforcement is falsely accusing him of being dangerous.  (Complaint, Doc. 2 at 1-2.)  He asks that all his connected lower court cases in Ravalli and Missoula County be suspended until this action is resolved. He also asks for an order of protection from the Big Horn County Sheriff's

Department for fear of retaliation.  Finally, he requests legal assistance for perfecting this claim and filing motions.  (Complaint, Doc. 2 at 3-4.)

## III.   SCREENING PURSUANT TO 28 U.S.C. § 1915

### A.  Standard

Mr. Huggler is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915, which requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to

4

infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. Analysis

Mr. Huggler has raised allegations regarding a series of encounters with law enforcement in the last year, but the only named Defendant is the State of Montana–DOJ as supervising agency. As set forth below, the State is entitled to Eleventh Amendment immunity and cannot be sued in federal court. Further, even if Mr. Huggler could name a proper defendant, he must provide additional factual allegations regarding claims, and clarify whether the incidents of which he complains are pending criminal actions, or if concluded, whether he was convicted of any of the named offenses.

/ / /

/ / /

5

### 1.  State of Montana

The Eleventh Amendment states:  "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The United States Supreme Court has interpreted the Eleventh Amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court."  *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Consequently, the Eleventh Amendment bars "suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies."  *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (internal quotation marks omitted).

The Eleventh Amendment bars suit in federal court against a state or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State.  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court.  Mont. Code Ann. § 2-9-101 et seq.  Thus, the State of Montana and its

agencies have Eleventh Amendment immunity from suit in federal court.  In

addition, states are not "persons" subject to suit for money damages under section

1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

Mr. Huggler's claims against the State of Montana itself cannot proceed.

*Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 n. 10 (9th

Cir. 1987) ("Since the [E]leventh [A]mendment by its terms bars suits against a

state 'in law or equity,' our holding necessarily also applies to plaintiffs' claims

against the Superior Court for injunctive and declaratory relief.").  The State of

Montana will be recommended for dismissal in a subsequent order.

The Eleventh Amendment also bars claims for monetary damages against

state officials acting in their official capacities.  *See Pennhurst State School &*

*Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984) ("The Eleventh Amendment

bars a suit against state officials when 'the state is the real, substantial party in

interests.'") (internal citations omitted); *Flint v. Dennison*, 488 F.3d 816, 824–25

(9th Cir. 2007).  However, the Eleventh Amendment does not bar federal suits

against state officials sued in their official capacities for injunctive relief.  *See*

*Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 n.9 (2001).

**B.  False Arrest**

In addition to failing to name a proper Defendant, Mr. Huggler's allegations

7

are insufficient to state a federal claim for relief.  The Court liberally construes

Mr. Huggler's claims to arise under the Fourth Amendment.  A plaintiff may state

a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to

unlawful seizure based upon a false arrest.  To state such a claim, a complaint

must allege facts showing that the defendant "by means of physical force or show

of authority . . . in some way restrained the liberty of" the identified plaintiff.

*Graham v. Conner*, 490 U.S. 386, 395, n. 10 (1989)(*citing Terry v. Ohio*, 392 U.S.

1, 19, n. 16 (1968) and *Brower v. County of lnyo*, 489 U.S. 593, 596 (1989) ).  "A

claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth

Amendment, provided the arrest was without probable cause or other

justification."  *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65

(9th Cir. 2001).  Probable cause is established when at the time of the arrest "the

facts and circumstances within [the officers'] knowledge and of which they had

reasonably trustworthy information were sufficient to warrant a prudent man in

believing that the petitioner had committed or was committing an offense."  *Bailey

v. Newland*, 263 F.3d 1022, 1031 (9th Cir. 2001) (quotation omitted).

Mr. Huggler makes conclusory allegations that he was arrested without

probable cause, but his allegations are merely a "formulaic recitation of the

elements" of a constitutional claim, and are therefore not entitled to the

8

assumption of truth. *Iqbal*, 556 U.S. at 679, 681. He has not provided sufficient

factual allegations to "allow [ ] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. He has

not shown that he is entitled to relief, and has thus failed to state a Fourth

Amendment claim.

### C.  Potential Bars to Mr. Huggler's claims

Mr. Huggler does not indicate the status of his criminal charges.

(Complaint, Doc. 2.) The Court can foresee three possibilities regarding the status

of those charges: either they are pending; Mr. Huggler was convicted of those

charges; or those charges have been dismissed or otherwise resolved in Mr.

Huggler's favor. This matter can only proceed if the charges have been resolved

in Mr. Huggler's favor.

If Mr. Huggler has been convicted of the charges, a challenge in federal

court to the fact of conviction or the length of confinement must generally be

raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See*

*Preiser v. Rodriguez*, 411 U.S. 475 (1973). Where, "success in a . . . [section]

1983 damages action would implicitly question the validity of conviction or

duration of sentence, the litigant must first achieve favorable termination of his

available state, or federal habeas, opportunities to challenge the underlying

conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (*citing Heck v. Humphrey*, 512 U.S. 477 (1994)).

In *Heck*, the United States Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487. Therefore, the court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

Thus, if Mr. Huggler has been convicted of the charges about which he complains, the *Heck* bar could apply to Mr. Huggler's claims. For example, in his May 31, 2019 filing (Doc. 9), Mr. Huggler indicates he was convicted on May 8, 2019 of the charges arising from his arrest on June 2, 2018. There is no indication that this conviction has been invalidated or overturned. As such, any claims arising from the June 2, 2018 incident appear to be barred by *Heck*.

10

If the charges against Mr. Huggler remain pending, the Court would be required to abstain from hearing Mr. Huggler's claims at this time.  Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.  *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968).  *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.  *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution.  *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)).

Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998) (noting that the district and appellate courts can raise the issue sua sponte).

11

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81-82 (2013)).  Where all elements are met, the court must dismiss claims for equitable relief because it lacks the discretion to grant such relief, *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988), and stay claims for damages until the resolution of the underlying criminal proceeding.  *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

Consequently, if the criminal charges against Mr. Huggler remain pending, any claims for equitable relief will need to be dismissed, and any claim for damages will need to be stayed pending resolution of the underlying criminal proceedings.

Therefore, Mr. Huggler's request for injunction on the Ravalli County Justice Court proceedings must be denied.  The Court must abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.  *Martinez*, 125 F.3d at 781.

12

## IV.  REQUEST FOR LEGAL ASSISTANCE

No one, including incarcerated prisoners, has a constitutional right to be represented by appointed counsel when they choose to bring a civil lawsuit under 42 U.S.C. § 1983.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998).  Unlike criminal cases, the applicable statute does not give a court the power to simply appoint an attorney.  28 U.S.C. § 1915 only allows the Court to "request" counsel to represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1).  A judge cannot order a lawyer to represent a plaintiff in a § 1983 lawsuit–a judge can merely request a lawyer to do so.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).  Further, much different from a criminal case, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances."  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Many indigent plaintiffs might fare better if represented by counsel,

particularly in more complex areas such as discovery and the securing of expert testimony.  But that is not the test.  *Rand*, 113 F.3d at 1525.  Plaintiffs representing themselves, or "pro se litigants," are rarely able to research and investigate facts easily.  This alone does not deem a case complex.  *See Wilborn*, 789 F.2d at 1331. Factual dispute and thus anticipated examination of witnesses at trial does not establish exceptional circumstances supporting an appointment of counsel.  *Rand*, 113 F.3d at 1525.

Mr. Huggler has not made a sufficient showing of exceptional circumstances.  As set forth above, he has not demonstrated a likelihood of success on the merits.  In addition, he has not demonstrated an inability to articulate his claims pro se.  The request for legal assistance will be denied.

## V.    CONCLUSION

The Court has considered whether Mr. Huggler's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  Mr. Huggler's allegations, as currently plead, are insufficient to state a claim and are subject to dismissal.  Mr. Huggler will be given an opportunity to file an amended complaint to name a proper defendant, provide factual allegations to support his Fourth Amendment claims, and to clarify the status of the state court charges against him.

14

### A.  Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Once Mr. Huggler files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  If Mr. Huggler fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action.  Mr. Huggler may not change the nature of this suit by adding new, unrelated claims in his amended complaint.[1]

Any amended complaint must consist of short, plain statements telling the Court:  (1) the rights Mr. Huggler believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Mr. Huggler's rights; (5) when the alleged actions took place; and (6) what injury Mr. Huggler suffered because of that defendant's conduct. *Rizzo v. Goode*,

---

[1] A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

15

423 U.S. 362, 371-72, 377 (1976).

Mr. Huggler must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Mr. Huggler must provide specific factual allegations for each element of each of his claims, and must state with specificity to which defendants each of his claims apply. If Mr. Huggler fails to affirmatively link the conduct of a defendant with an injury suffered, the allegation against that defendant will be dismissed for failure to state a claim.

In describing the acts and/or omissions of individual defendants, Mr. Huggler is advised that Section 1983 imposes individual liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). This can be established in two ways. First, an individual can be held liable for his or her own personal acts that directly cause an injury. Second, an individual can be held liable in his or her individual capacity under a theory of supervisory liability. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). To

16

impose liability under Section 1983 against a supervisor, a plaintiff must establish the supervisor's <u>prior</u> knowledge of unconstitutional conduct committed by subordinates that would give the supervisor notice of the need for changes. *Howell v. Earl*, 2014 WL 2594235 (D. Mont. 2014) (*citing Starr*, 652 F.3d at 1208; *Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991), *Watkins v. City of Oakland*, 145 F.3d 1087, 1093–94 (9th Cir. 1997), and *Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007).

Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. *Monell*, 436 U.S. at 691-94. That is, a defendant cannot be held liable just because they supervise other employees. Instead, supervising officers can be held liable under Section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). A supervisor may be liable: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a reckless

17

or callous indifference to the rights of others. *Larez*, 946 F.2d at 646.

Allegations against supervisors that resemble "bald" and "conclusory" allegations will be dismissed. *Hydrick v. Hunter*, 669 F.3d 937 (9th Cir. 2012). Mr. Huggler must allege "sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates." *Hydrick*, 669 F.3d at 942 (*citing Starr*, 652 F.3d at 1206–07).

### B. Possible Dismissal

If Mr. Huggler fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik*, 963 F.2d at 1260-61 (court may dismiss an action for failure to comply with any order of the court).

### C. Address Change

At all times during the pendency of this action, Mr. Huggler must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). As set forth above, Mr. Huggler's address does not appear to be correct in the Court's docket. If Mr. Huggler is now incarcerated at Montana State Prison, he must immediately file a notice of change of address.

Based upon the foregoing, the Court issues the following:

18

## ORDER

1.  Mr. Huggler's Motion for Leave to Proceed in forma pauperis (Doc. 1) is GRANTED.  The Clerk of Court shall waive prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on April 15, 2019.

3.  On or before August 16, 2019, Mr. Huggler may file an amended complaint.

4.  The Clerk of Court is directed to provide Mr. Huggler a form for filing an amended complaint.

5.  Mr. Huggler's request for legal assistance (Doc. 2 at 4) is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

Mr. Huggler's Supplement (Doc. 4), construed as a motion for injunctive relief, should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Huggler may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of July, 2019.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Huggler is being served by mail, he is entitled an additional three days after the period would otherwise expire.