IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA DOJ as SUPERVISING AGENCY,<br><br>Defendant. | CV 19-00039-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Edward Huggler filed an Amended Complaint alleging various law enforcement agencies within the State of Montana violated his constitutional rights. (Doc. 22.) The Court will continue the screening process mandated by 28 U.S.C. § 1915, which requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

**A. Harassment**

Mr. Huggler first brings a claim of retaliatory harassment with the intent to defame his character and inflict extreme emotional distress. He lists a number of incidents in which he contends law enforcement officers refused take out a warrant he requested, submitted incident reports with allegedly false statements, discussed

1

a complaint regarding his bicycle driving, stopped him on his motorcycle, questioned him about whistling at a school and making lewd comments to girls at a school, put his photo on Facebook, gave him a ticket for standing on the seat of his motorcycle, and made false claims about him. (Amended Complaint, Doc. 22-1 at 4-6.)

In order to state a claim for retaliation under § 1983, a plaintiff must state facts to support the following elements: (1) the plaintiff engaged in constitutionally protected activity; (2) the defendant's actions would "chill a person of ordinary firmness" from continuing to engage in the protected activity; and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). Further, to prevail on such a claim, a plaintiff must allege and ultimately establish that the defendant "intended to interfere" with the plaintiff's rights. *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999). The United States Supreme Court recently explained the current law with regard to First Amendment retaliation claims.

> [A]s a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions" for engaging in protected speech. If an official takes adverse action against someone based on that forbidden motive, and "non-retaliatory grounds are in fact insufficient to provoke the adverse consequences," the injured person may generally seek relief by bringing a First Amendment claim.

> To prevail on such a claim, a plaintiff must establish a "causal connection" between the government defendant's "retaliatory animus" and the plaintiff's "subsequent injury." It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.

*Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019)(internal citations and quotations omitted).

Mr. Huggler provides a list of actions by law enforcement officers which he contends constitute harassment, but he does not allege a causal connection between the officers' actions and his protected speech, or any other constitutionally protected activity. He does not allege that any Defendant took actions against him because he engaged in a constitutionally protected activity. In fact, Mr. Huggler does not even allege that he engaged in a protected activity.

Mr. Huggler's allegations rely largely on conjecture and contain insufficient facts from which a causal connection could be inferred between the Defendants' alleged retaliatory conduct and any constitutionally protected activity. As such, these claims should be dismissed.

**B. False Arrest**

A plaintiff may state a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment due to unlawful seizure based upon a false arrest. To state such a claim, a complaint must allege facts showing that the defendant "by means

3

of physical force or show of authority . . . in some way restrained the liberty of" the identified plaintiff. *Graham v. Conner*, 490 U.S. 386, 395, n. 10 (1989)(*citing Terry v. Ohio*, 392 U.S. 1, 19, n. 16 (1968) and *Brower v. County of lnyo*, 489 U.S. 593, 596 (1989)). "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City and County of San Francisco*, 266 F.3d 959, 964-65 (9th Cir. 2001). Probable cause is established when at the time of the arrest "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Bailey v. Newland*, 263 F.3d 1022, 1031 (9th Cir. 2001) (quotation omitted).

    In Counts 2 and 3, Mr. Huggler alleges Trooper Adam Gane falsely arrested him on September 16, 2018 and that Deputy Nicholas Monaco failed to intervene and participated in the wrongful arrest. He claims Trooper Gane made false claims in his report to validate Mr. Huggler's arrest. Mr. Huggler claims the "arrest was later dismissed." Mr. Huggler has sufficiently alleged that he was subject to an arrest without probable cause.

    Defendants Gane and Monaco must respond to these claims.

### C.  Defendants Johnson and Lavinder

In Count 3, Mr. Huggler alleges that Defendants Roger Johnson and Jamie Lavinder knew he was being harassed but failed to intervene.  Officers do have a duty to intercede when fellow officers violate the constitutional rights of a suspect or other citizen.  But they are only liable if they had an opportunity to intercede.  If a violation happens so quickly that an officer had no "realistic opportunity" to intercede, then the officer is not liable.  *Cunningham v. Gates*, 229 F.3d 1271, 1289-1290 (9th Cir. 2000).

Mr. Huggler alleges he advised DOJ agent Roger Johnson of the alleged harassment against him and Agent Johnson neither responded nor looked at the evidence.  He also claims that Jamie Lavinder, an analyst with the Montana DOJ SVOR Unit, did not respond to his e-mail or voice mails concerning false statements made against him.  These claims fail for several reasons.  First, as set forth above, Mr. Huggler failed to establish that the alleged harassment of which he complained in Count 1 constituted an underlying constitutional violation.  Second, he does not allege that either Defendant Johnson or Defendant Lavinder had a "realistic opportunity" to intercede.  In short, Mr. Huggler does not explain why the DOJ agents had a duty to intervene with regard to the actions of third parties, or that they had the opportunity to do so to prevent a constitutional violation.

Defendants Johnson and Lavinder should be dismissed.

**D. Sheriff Big Hair**

Mr. Huggler also attempts to bring claims against Sheriff Big Hair in his capacity as a supervisor at the Big Horn County Jail. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation and internal quotation marks omitted); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (absent a positive act on behalf of the supervisor, the plaintiff must show an "affirmative link" between the supervisor's acts and the alleged constitutional violation).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," or by "knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that

6

showed a reckless or callous indifference to the rights of others."). "[W]here the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012) (internal citation and quotations omitted).

In Count 4, Mr. Huggler alleges he tried to bail himself out of Big Horn County Jail but was unable to do so because the phone system required anyone receiving a collect call from jail to have an account with jail and none of the bondsmen have such an account. He claims that thereafter two individuals assaulted him. He argues the assault could have been stopped if someone at the jail was monitoring the cameras. Mr. Huggler seeks to hold Sheriff Lawrence Big Hair responsible, claiming that he could have bonded out and would not have been in the jail if Sheriff Big Hair ran the jail differently.

Jail officials may be liable under the Fourteenth Amendment for failure to protect a pretrial detainee from a substantial risk to his health or safety. To state a claim that an official failed to protect a pretrial detainee, a plaintiff must allege facts showing these elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the

consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc).

Mr. Huggler has not presented any facts to suggest that Sheriff Big Hair made an intentional decision to place him at a substantial risk of serious harm or that the Sheriff did not take reasonable measures to abate that risk. There is no evidence to suggest that Sheriff Big Hair had knowledge that the cameras were not being monitored and acquiesced in such behavior or that he took any other actions which caused the alleged assault.

In Count 3, Mr. Huggler also contends Sheriff Big Hair failed to provide assault footage or discuss the alleged assault, but he does not establish a sufficient causal connection between Sheriff Big Hair's failure to respond to him and the alleged constitutional violation. *See Starr*, 652 F.3d at 1207.

Mr. Huggler has not provided sufficient factual allegations to "allow [ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. He has not shown that he is entitled to relief and as such has failed to state a claim against Sheriff Big Hair.

### E. Conclusion

The Court has considered whether Mr. Huggler's Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Mr. Huggler's

8

allegations against Trooper Gain and Deputy Monaco are sufficient to state a claim and they must respond to the Amended Complaint.

Mr. Huggler's remaining allegations fail to state a claim upon which relief may be granted and should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Clerk of Court should add Trooper Adam Gane and Deputy Nicholas Monaco to the docket as Defendants in this action.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Gain and Monaco to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. Defendants must return the Waiver to the Court within 30 days of the entry date of this Order. If Defendants Gain and Monaco choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).[1]

3. The Clerk of Court shall mail the following documents to Trooper Adam Gane and Deputy Nicholas Monaco:

 * Amended Complaint (Doc. 22);
 * this Order;
 * a Notice of Lawsuit & Request to Waive Service of Summons; and

---

[1] The defendants that are recommended for dismissal do not need to file a response to the amended complaint at this time.

    \*  a Waiver of Service of Summons.

    4.  Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

    5. Mr. Huggler <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

    6.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

    7.  At all times during the pendency of this action, Mr. Huggler must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P.  41(b).

    Further, the Court issues the following:

**RECOMMENDATIONS**

    1. The State of Montana should be DISMISSED based upon Eleventh Amendment immunity as set forth in the Court's Order dated July 16, 2019 (Doc.

19), and because Mr. Huggler did not name the State as a Defendant in his Amended Complaint.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) ("an amended pleading supersedes the original pleading,").

2.  Defendants McElderry, Jessop, Niemier, Johnson, Big Hair, Other Medicine, Middlestead, Smells, Lavinder, and Faith and Counts 1 and 4 of the Amended Complaint should DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Huggler may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 19th day of February, 2020.

                                        */s/ Timothy J. Cavan*
                                        Timothy J. Cavan
                                        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA DOJ as SUPERVISING AGENCY,<br><br>Defendant. | CV 19-00039-BLG-SPW-TJC<br><br>Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO:

Trooper Adam Gane
Montana Highway Patrol
District 1
2681 Palmer, Suite B
Missoula, MT 59808-1700

Deputy Nicholas Monaco
Ravalli County Sheriff's Office
205 Bedford Street, # G
Hamilton, MT 59840

Plaintiff Edward Huggler filed a lawsuit against you in this Court under the number shown above. A copy of the Amended Complaint (Doc. 22) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you were

1

served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the Amended Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S.  Marshals Service to personally serve you with the summons and Complaint and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 19th day of February, 2020.

                                       */s/ Timothy J. Cavan*
                                       Timothy J. Cavan
                                       United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

      Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
      "Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.
      If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.
      If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA DOJ as SUPERVISING AGENCY,<br><br>Defendant. | CV 19-00039-BLG-SPW-TJC<br><br>RULE 4 WAVIER OF SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Amended Complaint (Doc. 22). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or

1

objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)