IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA, et al.,<br><br>Defendants. | CV 19-39-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |

Before the Court are Judge Cavan's Findings and Recommendations, (Doc. 24), and Plaintiff Edward H. Huggler's objections (Doc. 25). Judge Cavan recommended dismissing Counts 1 and 4 and several named defendants from Huggler's amended complaint (Doc. 22) for failure to state a claim upon which relief may be granted. (Doc. 24 at 10–11.) For the following reasons, the Court adopts Judge Cavan's Findings and Recommendations in full.

I.   **Background**

Huggler filed his amended complaint *in forma pauperis*. *See* (Doc. 22). 28 U.S.C. § 1915(e) mandates a screening process and requires the Court to dismiss Huggler's complaint (or any portion thereof) before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Huggler named several defendants under four causes of action: retaliatory harassment, false arrest, failure to intervene, and failure to protect a detainee. (Doc. 22.) Judge Cavan concluded Counts 1 and 4 of Huggler's amended complaint—retaliatory harassment and failure to protect a detainee—failed to state claims upon which relief could be granted. (Doc. 24 at 8–9.) Judge Cavan further concluded that Huggler failed to state a claim against Defendants Johnson, Lavinder, and Sheriff Big Hair. (Doc. 24 at 5–8.) Huggler objects. (Doc. 25.)

## II.   Legal Standard

When a party timely objects to any portion of the Magistrate's Findings and Recommendations, the Court must review those portions of the Findings and Recommendations de novo. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court needs not review the factual and legal conclusions to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### III. Discussion

*A. Retaliation*

A plaintiff may bring a § 1983 claim for retaliation by a public official acting in an official capacity by alleging: (1) the plaintiff engaged in constitutionally protected activity; (2) the defendant's actions would "chill a person of ordinary firmness" from continuing to engage in the protected activity; and (3) the protected activity was a substantial motivating factor in the defendant's conduct. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 867 (9th Cir. 2016). To meet the third element, the plaintiff "must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury. It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (internal citations and quotations omitted).

Judge Cavan found that while Huggler detailed several actions by law enforcement he believed constitute harassment, he failed to allege he was engaged in a constitutionally protected activity. Therefore, Huggler could not meet the requirements for a § 1983 retaliation claim.

Huggler objects, but instead of demonstrating how he did meet those requirements, he restates the same factual allegations from his amended complaint.

*Compare* (Doc. 22) *with* (Doc. 25). He does not allege he engaged in a constitutionally protected activity, and he fails to establish a causal connection between a constitutionally protected activity and any of the misconduct he alleges. Despite the length of Huggler's amended complaint and objections, the Court agrees with Judge Cavan: the allegations in Count 1 "rely largely on conjecture and contain insufficient facts from which a causal connection could be inferred between the Defendants' alleged retaliatory conduct and any constitutionally protected activity." (Doc. 24 at 3.) They contain insufficient facts from which the Court can "draw the reasonable inference that the defendant is liable for the misconduct alleged"—i.e., retaliation under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court dismisses Count 1.

### B. *Defendants Johnson, Lavinder, and Sheriff Big Hair*

The same issue persists throughout Huggler's remaining objections. Huggler restates the same factual allegations he made in his amended complaint and fails to address any of the deficiencies Judge Cavan enumerated in the Findings and Recommendations.

The Court agrees with Judge Cavan that Huggler failed to establish viable claims against Johnson and Lavinder for failure to intercede when other officers allegedly violated Huggler's constitutional rights. (Doc. 25 at 5.) First, Huggler

failed to establish that the alleged harassment was a constitutional violation. Second, even if there was a constitutional violation, Huggler failed to establish that Johnson and Lavinder had a "realistic opportunity" to intercede. *See* (*id.*); *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000). Huggler's objections fail to address these deficiencies.

The Court also agrees with Judge Cavan that Huggler failed to establish viable claims against Sheriff Big Hair. (Doc. 24 at 6–8.) Huggler did not allege any facts suggesting Sheriff Big Hair made an intentional decision with respect to conditions that put Huggler in a substantial risk of serious harm or that Sheriff Big Hair did not take reasonable measures to abate that risk. *See* (*id.*); *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). Furthermore, Huggler fails to establish a sufficient causal connection between Sheriff Big Hair's failure to discuss the alleged assault with him and a constitutional violation. *See* (Doc. 24 at 8); *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011).

Despite the length of his objections, Huggler still has not addressed these deficiencies, and the Court concludes he has not provided sufficient facts to allow an inference that any of these three defendants are liable under Huggler's causes of action.

## IV. Conclusion

Huggler's objections are unpersuasive, and after reviewing them alongside Judge Cavan's Findings and Recommendations, the Court agrees with Judge Cavan that Huggler has failed to state a claim upon which relief can be granted in Counts 1 and 4. Count 1 is the only count naming Defendants McElderry, Jessop, Niemier, Other Medicine, Middlestead, Smells, and Faith. Each of these defendants are therefore dismissed. Further, Huggler has failed to state a claim against Defendants Johnson, Lavinder, and Sheriff Big Hair in Counts 1, 3, and 4; they are also dismissed.

Finally, Huggler did not object to Judge Cavan's recommendation to dismiss the State of Montana. The Court agrees the State should be dismissed based on Eleventh Amendment immunity, *see* (Doc. 12 at 5–7), and because Huggler did not name the State as a defendant in his Amended Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992) ("[A]n amended pleading supersedes the original pleading."). Accordingly,

**IT IS HEREBY ORDERED**:

1. The Findings and Recommendations (Doc. 24) are **ADOPTED IN FULL**.

2. Defendants McElderry, Jessop, Niemier, Johnson, Big Hair, Other

Medicine, Middlestead, Smells, Lavinder, and Faith and Counts 1 and 4 of the Amended Complaint (Doc. 22) are **DISMISSED**.

3. The State of Montana is **DISMISSED**.

The Clerk shall notify the parties of this Order.

DATED this 28th day of April, 2020.

SUSAN P. WATTERS
United States District Judge