IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPUTY NICHOLAS MONACO and TROOPER ADAM GANE,<br><br>Defendants. | CV 19-00039-BLG-SPW-TJC<br><br><br><br>ORDER |

Plaintiff Edward Huggler, proceeding without counsel, has filed a Motion to Dismiss Additional Defenses 1-10 (Doc. 37), Motion to Request Change of Venue (Doc. 38), a Motion for Discovery (Doc. 39), a Motion for Summary Judgment (Doc. 48), a Motion for Continuance (Doc. 49), a Motion to Request Assistance of Counsel (Doc. 53), and a Motion to Subpoena Witnesses (Doc. 59).

**I. Motion to Dismiss Defenses**

The Court construes Mr. Huggler's motion as a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure.[1] This rule allows the Court to strike "from any pleading any insufficient defense or any redundant, immaterial,

---

[1] A motion to strike is not dispositive and therefore may be resolved by order. *See* 28 U.S.C. § 636(b)(1)(A) (listing eight matters that are dispositive as a matter of law and not within the authority of a magistrate judge; motions to strike not included); Fed.R.Civ.P. 72(a) (permitting a magistrate judge to issue an order on "a pretrial matter not dispositive of a party's claim or defense").

1

impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Motions to strike are generally disfavored. *See Barnes v. AT & T Pension Ben. Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

Mr. Huggler moves to strike Defendants' first and second defenses arguing that they are not affirmative, they are factually immaterial, and do not address the question of the legality of the false arrest, subsequent jailing, eventual dismissal, or the harms suffered. Defendants' first defense is that Mr. Huggler failed to state a claim upon which relief can be granted. Mr. Huggler is correct that the Court screened Mr. Huggler's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and determined that Mr. Huggler's allegations against Trooper Gain and Deputy Monaco were sufficient to state a claim. (Doc. 24 at 8-9.) Nevertheless, Defendants assert that they anticipate moving for summary judgment on the grounds that Mr. Huggler failed to state a claim. (Doc. 44 at 2.) Out of abundance of caution, the Court will not strike this defense as it is not clear that it has no

possible bearing on the subject of this litigation.

Defendants' second defense is that Mr. Huggler failed to mitigate his damages. (Answer, Doc. 36 at 9.) Mr. Huggler claims mitigation of damages is not a proper defense and is irrelevant to the legality of the action. In his Amended Complaint, however, he sought monetary damages in the amount of one million dollars. (Doc. 22-1 at 12.) As such, the mitigation of those damages has bearing on the subject of this litigation.

Mr. Huggler moves to dismiss Defendants' defenses three through seven because he contends that Trooper Gane did not have proper probable cause at the time of the arrest. These defenses include qualified immunity, good faith, state law defenses, and probable cause. (Doc. 36 at 9-10.) The issue of probable cause is an issue of fact to be explored during discovery, on motions for summary judgment, and/or at trial. It is not a basis upon which to strike defenses. These defenses have possible bearing on the subject of this litigation and will not be stricken.

Defendants' eighth defense asserts that the State of Montana will indemnify Corporal Monaco from liability pursuant to Mont. Code Ann. § 44-11-102. (Answer, Doc. 36 at 10.) Mr. Huggler moves to dismiss this defense citing an administrative rule which is inapplicable. He argues the State is not a defendant and should not be allowed to answer for Corporal Monaco's behavior. (Doc. 27 at 2.) The Court cannot say that the indemnification of Corporal Monaco has no

possible bearing on the subject of this case and therefore it will not strike this defense.

Defendants' ninth defense is that venue is not proper in the Billings Division. (Answer, Doc. 36 at 10.) Mr. Huggler argues this defense should be dismissed because venue was chosen based on claims which have been dismissed, it is not an affirmative defense, and it is immaterial to the substance of his claims. But as Defendants point out, Mr. Huggler himself has filed a motion to change venue, which is addressed below. It was not improper for Defendants to raise the issue of venue in their answer.

Mr. Huggler seeks to strike Defendants' tenth defense which states "[t]he State is not a person for purposes of 42 U.S.C. § 1983." The State of Montana has not been served and is no longer a party in this matter but because Mr. Huggler named Trooper Gane in his official capacity, the Court will not strike this defense.

The Court does not find Defendants' defenses to be so insufficient, redundant, immaterial, impertinent, or scandalous such that they should be stricken. *See* Fed.R.Civ.P. 12(f). Mr. Huggler has not shown that these defenses have "no possible bearing on the subject of the litigation." *See Platte Anchor Bolt, Inc.*, 352 F. Supp.2d at 1057. The motion to dismiss defenses will be denied.

## II. Motion to Request Change of Venue

Mr. Huggler ask the Court to change venue to Helena, Montana where both

4

he and opposing counsel live making it a more convenient and efficient venue for proceedings. While Defendants have no objection to the motion, neither party has shown that venue is proper in Helena. The motion will be denied.

### III. Motion for Discovery

Mr. Huggler asks the Court to subpoena certain documents and video footage in support of his claims. (Doc. 39.) The motion will be denied for several reasons. First, pursuant to the September 3, 2020 Amended Scheduling Order, the parties have until October 30, 2020 to exchange "all documents, electronically stored information, and tangible things that may be used in proving or denying any party's claims or defenses." (Doc. 57 at 2.) Mr. Huggler should wait until the exchange of documents prior to seeking court intervention.

Second, the Court is not inclined to issue a subpoena to a named defendant as there are other methods of discovery which will not require Court intervention or the expenditure of governmental resources. The authorization of a subpoena duces tecum requested by a forma pauperis litigant is subject to limitations. *Alexander v. California Dep't of Corrections*, 2010 WL 5114931 (E.D. Cal). Because personal service of a subpoena duces tecum is required under Rule 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." See *Frazier v. Redding Police Dep't*, 2012 WL 5868573 (E.D. Cal.) (citation omitted).

Mr. Huggler is free to serve discovery requests, without subpoena, upon any of the named parties.  *See* Fed.R.Civ.P. 33(a)(1) ("a party may serve on any other party no more than 25 written interrogatories"); Fed.R.Civ.P. 34(a) ("[a] party may serve on any other party a request" for the production of documents); Fed.R.Civ.P. 36(a)(1) ("a party may serve on any other party a written request to admit").  Given that there are other methods of obtaining the information sought by Mr. Huggler without Court intervention and without expending the resources of the United States Marshals' Office, the request for a subpoena for documents from defendants will be denied.

Finally, as set forth in the Court's Scheduling Order,

> [t]he Court will not consider motions to compel or other discovery disputes unless the moving party complies with Fed.R.Civ.P. 37(a)(1) ('The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.") and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed.").

(Doc. 40.)  Mr. Huggler has provided no such certification.

Mr. Huggler's motion will be denied as premature and inappropriate.  It is not the Court's obligation to conduct discovery for pro se litigants.

**IV.  Motion for Summary Judgment**

Mr. Huggler's Motion for Summary Judgment will be denied without prejudice and subject to renewal because the motion fails to comply with a number

6

of this Court's Local Rules. First, Local Rule 7.1(c) requires that "the text of the motion must state that other parties have been contacted and state whether any party objects to the motion." Mr. Huggler has given no indication regarding whether he contacted opposing counsel regarding the filing of any of his motions.

Second, Mr. Huggler failed to comply with Local Rule 7.1(d)(1)(A) which requires that an opposed motion must be accompanied by a brief in support filed at the same time as the motion. Defendants oppose Mr. Huggler's motion (Doc. 58) and Mr. Huggler has not filed a brief in support of his motion.

Finally, Local Rule 56.1(a) requires:

(a) Any party filing a motion for summary judgment must simultaneously file a Statement of Undisputed Facts. The Statement must:
(1) set forth in serial form each fact on which the party relies to support the motion;
(2) pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each fact;
(3) be filed separately from the motion and brief; and
(4) immediately upon filing of the motion, be e-mailed in a word processing format to each party against whom summary judgment is sought.

Mr. Huggler has not filed a Statement of Undisputed Facts in support of his motion for summary judgment.

As such, the motion will be denied subject to renewal should Mr. Huggler comply with the Court's Local Rules.

## V. Continuance

Mr. Huggler asks for a continuance to allow him time to file a new Complaint and motion for injunctive relief to address additional allegations of violations of his constitutional rights. (Doc. 49.) Currently, this matter is proceeding on the very limited and distinct issue of whether Defendants Gane and Monaco are liable for what Mr. Huggler contends was a false arrest on September 16, 2018. Defendants Gane and Monaco have been served, they filed an Answer to Mr. Huggler's Complaint, and an Amended Scheduling Order has been issued. The Court is not inclined to stay these proceedings to allow Mr. Huggler to file a new complaint on issues outside the scope of the September 16, 2018 arrest. The motion for continuance will be denied.

## VI. Motion to Request Assistance of Counsel

As set forth in the Court's numerous prior orders denying Mr. Huggler's requests for counsel, a judge may only request counsel for an indigent plaintiff under "exceptional circumstances" which requires an "evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted).

Mr. Huggler has not made a sufficient showing of exceptional

8

circumstances. He seeks appointment of counsel to assist him in drafting a new complaint against new defendants regarding issues unrelated to the September 16, 2018 arrest by Defendants Gane and Monaco. (Doc. 53.) He has not demonstrated a likelihood of success on the merits and he continues to effectively articulate his claims.

## VII. Motion to Subpoena Witnesses

Mr. Huggler seeks to subpoena witnesses to testify concerning the issues in this case but currently there are no hearings or trials set to which these witnesses could be subpoenaed. Further, the Court's June 9, 2020 Scheduling Order required that if Mr. Huggler wanted the Court to serve a subpoena pursuant to 28 U.S.C. § 1915(d), he must file a motion providing justification for each subpoena to be issued and served and submit a proposed subpoena to the Court in final form. (Doc. 40.) Mr. Huggler has not submitted any proposed subpoenas. The motion will be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Huggler's Motion to Dismiss Additional Defenses 1-10 (Doc. 37) is DENIED.

2. Mr. Huggler's Motion to Request Change of Venue (Doc. 38) is DENIED.

3. Mr. Huggler's Motion for Discovery (Doc. 39) is DENIED.

4. Mr. Huggler's Motion for Summary Judgment (Doc. 48) is DENIED WITHOUT PREJUDICE AND SUBJECT TO RENEWAL upon compliance with the Court's Local Rules.

5. Mr. Huggler's Motion for Continuance (Doc. 49) is DENIED.

6. Mr. Huggler's Motion to Request Assistance of Counsel (Doc. 53) is DENIED.

7. Mr. Huggler's Motion to Subpoena Witnesses (Doc. 59) is DENIED.

8. At all times during the pendency of this action, Mr. Huggler must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 11th day of September, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge