IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS MONACO; ADAM GANE,<br><br>Defendants. | Cause No. CR 19-39-BLG-SPW-TJC<br><br><br>ORDER and FINDINGS<br>AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On April 15, 2019, Plaintiff Huggler filed this action alleging violation of his civil rights under 42 U.S.C. § 1983.  *See* Am. Compl. (Doc. 22).  Defendants filed an answer on May 20, 2020.  *See* Answer (Doc. 36).  The pretrial motions deadline was set for February 8, 2021.  *See* Am. Sched. Order (Doc. 57) at 2 ¶ 5.

## I.  Background

### A.  Factual Context

On September 16, 2018, Defendant Montana Highway Patrol Trooper Adam Gane was on patrol in Ravalli County, Montana, when he received a report that a "while male with white hair, dressed in black was riding a motorcycle without his hands on the handlebars" and had nearly struck a pedestrian.  Defs. Statement of Undisputed Facts ("SUF") (Doc. 75) ¶¶ 1–2.  Because of prior experiences he had with Huggler while both on and off-duty, Gane suspected that Huggler was the

1

motorcyclist. *Id.* ¶¶ 3–4. Therefore, when Gane saw Huggler riding a motorcycle later that day, he followed Huggler and ultimately stopped him. *Id.* ¶¶ 10, 15. While following Huggler, he observed Huggler fail to stop for a stop sign and fail to signal for a turn. *Id.* ¶¶ 12–13. Gane had also become aware that Huggler did not have a completed Montana motorcycle license. *Id.* ¶ 9. After stopping Huggler, Gane called for assistance, and Ravalli County Deputy Sheriff Nicholas Monaco responded. *Id.* ¶¶ 19–20. Although not set forth in Defendants' Statement of Undisputed Facts, it appears Gane completed citations for failing to stop at a stop sign, failing to signal for a turn, defective signal lamps and no motorcycle endorsement. *See* Gane Report (Doc. 75-2) at 3 para. 11. Since Huggler did not have a valid motorcycle endorsement, Gane called a tow truck to have the motorcycle removed from the scene and secured. *See* Defs. SUF ¶ 18; *see also* Gane Report (Doc. 75-2) at 3 para. 9. Gane issued the citations and notices to appear to Huggler and advised him that he was free to go. *See* Gane Report at 3 para. 14, 4 para. 1.

In his report, Gane states that, although he advised Huggler he was free to leave, Huggler said he was going to stay with his motorcycle until someone came to pick it up. *See id.* Gane did not want Huggler to stay on the scene, and he "commanded" Huggler to leave, but he declined. *See* Defs. SUF ¶¶ 21, 22. Gane ultimately arrested Huggler with assistance of Deputy Monaco. *Id.* ¶ 23. In his

report, Gane states that he placed Huggler "under arrest for obstructing." Gane

Report at 4 para. 4.

In this action, Huggler challenges the lawfulness of his arrest. He alleges

that Defendant Gane lacked probable cause to arrest him and made false statements

to justify doing so. He alleges that Defendant Monaco knew of these facts but

condoned Gane's actions by assisting the arrest. He also claims both defendants

used excessive force. *See* Am. Compl. (Doc. 22-1) at 8–10.

After Huggler's arrest, a prosecutor initiated criminal charges in Montana's

Twenty-First Judicial District Court. Huggler's defense attorney, Melanie

D'Isidoro, advised him that she would move to dismiss the State's case on the

grounds that the arrest was unconstitutional. Huggler made a recording of her

advice to him. Before she filed a motion, however, the judge dismissed the case on

the prosecutor's motion. *See, e.g.*, Mot. to Determine Admissibility (Doc. 65) at

1–2 ¶¶ 1–3, 4 ¶¶ 9–12.

**B. Procedural Status**

Huggler moves the Court to reconsider its prior order (Doc. 60) denying a

motion for summary judgment he filed on August 6, 2020 (Docs. 61, 62). He also

asks the Court to determine the admissibility of D'Isidoro's advice (Doc. 65) and

to allow him to file a second amended complaint (Doc. 67). Huggler asks the Court

to stay further proceedings pending a ruling on his motion for leave to amend

(Doc. 70).  On March 26, 2021, Huggler moved for leave to file a third amended complaint (Doc. 79).  And, on April 13, 2021, he moved for a two-week extension of time to file a brief in support of motion (Doc. 83).

Defendants have filed a motion for a telephonic status conference (Doc. 69). In compliance with the Amended Scheduling Order, Defendants have also moved for summary judgment (Doc. 73).

The Court also notes Huggler has failed to file a disclosure statement despite two orders requiring him to do so.  *See* Am. Scheduling Order (Doc. 57) at 1–2; Scheduling Order (Doc. 40) at 1–2.

## II.  Pending Motions

### A.  Denial of Huggler's August 2020 Summary Judgment Motion

In a document titled "Objection to Denial of Motion for Summary Judgment" (Doc. 61) and a separate supplement filed the same day (Doc. 62), Huggler reargues his motion for summary judgment.  In another document, he also asks that the prosecutor's motion to dismiss, filed in the State's criminal case, "be stricken from the record."  Mot. to Determine Admissibility (Doc. 65) at 4 ¶ 12.

The Court denied Huggler's motion for summary judgment (Doc. 48) because it failed to comply with Local Rules 7.1(c), 7.1(d)(1)(A), and 56.1(a).  *See* Order (Doc. 60) at 6–7; *see also* Rules Packet (Doc. 40-2).  The Court did not address the merits of the motion at all.  Huggler has not acknowledged the reason

his motion was denied, much less attempted to correct the motion's defects.

Therefore, his objection to its denial (Docs. 61, 62) is not well-taken and will be

overruled.

As to Huggler's request to strike, Defendants filed the prosecutor's motion

to dismiss as an exhibit to their response to Huggler's motion for summary

judgment.  As explained, Huggler's summary judgment motion was denied for

reasons wholly independent of the merits.  The Court did not rely or draw on the

Defendants' response.  There is no reason to strike their exhibit.

## B.  Admissibility of Counsel's Advice

In both his "Objection to Denial of Motion for Summary Judgment" (Docs.

61, 62) and his "Motion to Determine Admissibility of Evidence" (Doc. 65),

Huggler seeks to rely on D'Isidoro's recorded advice to establish that the arrest

was unconstitutional.  For the following reasons, the attempt is misguided.

To prevail in this case, Huggler must prove, by a preponderance of the

evidence, that the arrest, the use of force, or both were unlawful.  *See, e.g.*, 9th Cir.

Model Jury Instr. (Civil) 9.23, 9.25, *available at* https://www.ce9.uscourts.gov/

jury-instructions/model-civil (accessed Jan. 27, 2021); *District of Columbia v.*

*Wesby*, __ U.S. __, 138 S. Ct. 577, 589–90 (2018).

What did or did not occur in State court after the arrest is not directly

relevant to Huggler's Fourth Amendment claims of false arrest, excessive force, or

failure to intervene.  Proceedings in state court might have some relevance to

Huggler's claim of false imprisonment (discussed below) if they establish a

different justification underlying his custody or show the length of time he was

held in jail following his arrest.  But, as Huggler acknowledges, the arrest on

September 16, 2018, is the central event of the case.

To be called to testify at trial, a witness must have personal knowledge of a

matter.  *See* Fed. R. Evid. 602.  Huggler has not given any indication that

D'Isidoro has relevant personal knowledge about the arrest.  For instance, there is

no reason to suppose she was present at the scene, was speaking on the phone with

Huggler when it occurred, or otherwise directly observed what happened.  If she

can only attest to facts related to her by other people, she is not a competent fact

witness.

Alternatively, a witness may testify as an expert to assist the jury "to

understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).

Expert testimony is generally not proper, however, if offered to assist the jury in

applying law to facts or in reaching conclusions about the legal merit of a party's

case.  *See, e.g.*, *Massachusetts v. Microsoft Corp.*, 373 F.3d 1199, 1220 (D.C. Cir.

2004) (noting that "most of" an expert witness's testimony was legal analysis and

"wrong" at that); *Dow Corning Corp. v. Safety Nat'l Cas. Corp.*, 335 F.3d 742,

751–52 (8th Cir. 2003) (affirming district court's decision to strike portions of

expert witness's affidavit and explaining that "[t]he court acknowledged the expert's indisputably distinguished career and expertise but concluded that it would not consider legal opinions that attempt to tell the court what result to reach.") (internal quotation marks omitted).  Therefore, D'Isidoro's opinion about the legality of Huggler's arrest is not likely to be proper expert testimony.

In sum, it does not matter whether D'Isidoro's opinion is offered in the form of a recording or as in-person testimony from the witness chair in open court. What D'Isidoro said to Huggler about the arrest does not appear to be competent evidence either of what happened at the scene of the arrest or of its legal meaning or significance.

That said, the Court cannot, at this time, conclusively determine the admissibility issue.  D'Isidoro's testimony, or even the recording, might become admissible evidence on some other point.  Nevertheless, the motion to determine the recording's admissibility must be denied at this time.  If appropriate under the circumstances, it may be renewed at trial.

## C.  Proposed Second Amended Complaint

On November 2, 2020, Huggler filed a "Supplemental Amendment of Complaint."  In substance, the document is a motion for leave to amend the amended complaint and a proposed second amended complaint.

/ / /

This motion to amend was timely filed.  *See* Am. Scheduling Order (Doc.

57) at 2 ¶ 2.  Therefore, it is governed by Federal Rule of Civil Procedure 15.

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice

so requires."  But even a timely motion for leave to amend may be denied where

amendment would be futile.  *See, e.g.*, *AmerisourceBergen Corp. v. Dialysis West,*

*Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Sonner v. Premier Nutrition*

*Corp.*, 971 F.3d 834, 845 (9th Cir. 2020).

### 1.  New Parties

Huggler proposes to amend his complaint to bring suit against D'Isidoro, the

prosecutor, and the judge for conspiring to cover up the officers' misconduct by

dismissing the criminal case.  He also proposes to sue Montana's Attorney General

to compel him to hold the officers accountable.  *See* Mot. to Amend (Doc. 67) at

14–17.

Long-established law holds that judges and prosecutors are immune for acts

taken in the course of regular court proceedings.  *See Stump v. Sparkman*, 435 U.S.

349, 355–57 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976).

Additionally, even when defense counsel is appointed by a governmental authority

and paid by public funds, well-established law holds that defense counsel does not

act under color of state law within the meaning of 42 U.S.C. § 1983.  *See Polk*

*County v. Dodson*, 454 U.S. 312, 318–20 (1981).  Even more fundamentally, a

defendant in a criminal case does not have a right to contest the prosecution's

dismissal of a criminal charge or to obtain dismissal under conditions he considers

acceptable.  Huggler's allegations against the judge, prosecutor, and defense

counsel, *see* Prop. Second Am. Compl. (Doc. 67) at 11–13 ¶¶ 21–24; 13–15 ¶¶ 27–

29(3), are aimed exclusively at the actions each person took or failed to take in the

state court proceedings.  Consequently, his allegations fail to state a claim against

these defendants on which relief may be granted.  Leave to add them should be

denied.

Huggler also proposes to sue the Attorney General of the State of Montana

to compel him to "hold [the defendants] accountable."  *See id*. at 15–16 ¶ 29(4).

He points to an article published in the *Great Falls Tribune* on June 26, 2020, more

than a year and a half after the alleged illegal arrest on September 16, 2018.  These

allegations do not support an inference that either Attorney General Fox,

personally, or the Attorney General of the State of Montana, officially, contributed,

through action or inaction, to *causing* the alleged illegal arrest, as required for

liability under 42 U.S.C. § 1983.  *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 27–29

(1991); *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (describing

causation requirement).  The proposed second amended complaint fails to state a

claim against either the former or the current Attorney General of the State of

Montana.

Huggler's motion for leave to amend his pleading to add new parties should be denied as futile.

## 2. New Claims

Apart from new parties, Huggler's pleading presents new legal theories of "False Imprisonment, Defamation, Libel, Slander, Aiding and Abetting, Tampering/Fabricating evidence and Conspiracy to Obstruct Justice by Denying Rights and Privileges under color of law (3)."[1]  Prop. Second Am. Compl. (Doc. 67) at 1–2.  These claims are based on essentially the same facts pled in the amended complaint, not new or unrelated facts requiring additional discovery.  The Court will consider whether Huggler should be granted leave to pursue these theories of liability against the officers.

The proposed second amended complaint provides a detailed account of the events of September 16, 2018, and an analysis of the statements in Trooper Gane's report.  This approach is misguided and unnecessary.  *See* Fed. R. Civ. P. 8(a)(2) (requiring only a "short and plain statement of the claim").  A person who makes false statements may be liable for their effect—for example, for violating the Fourth Amendment by making an arrest despite knowing probable cause is absent.  Huggler has already stated a claim on that basis.  But a person is not liable merely for saying or writing something that is false.  Further, a police report is generally

---

[1]  The Court does not know what "(3)" means.

not evidence, nor does it deprive anyone of a procedure for challenging its

truthfulness.  Therefore, the proposed second amended complaint does not fairly

state a claim for denial of due process or tampering with or fabricating evidence.

*See* Prop. Second Am. Compl. (Doc. 67) at 6 ¶ 7.

 With respect to Huggler's defamation claim, libel and slander are two

subtypes of defamation.  *See* Mont. Code Ann. § 27-1-801.  An action for libel or

slander can be available only as to communications that are "false and

*unprivileged*."  Mont. Code Ann. §§ 27-1-802, 803 (emphasis added).  A

communication made "in the proper discharge of an official duty" is *privileged*.

*See id*. § -804(1).  "Proper" does not mean "correct" or "true."  It only means that a

real officer made the report in the course of a real investigation.  *See, e.g.*, *Wolf v.*

*Williamson*, 889 P.2d 1177, 1179 (Mont. 1995) (quoting *Denny Driscoll Boys*

*Home v. State*, 737 P.2d 1150, 1152 (Mont. 1987)); *see also Barr v. Matteo*, 360

U.S. 564, 571–72 (1959).  Whether the officers' reports were true or not, Huggler

alleges they made them in the course of carrying out their jobs as law enforcement

officers.  *See* Prop. Second Am. Compl. (Doc. 67) at 3–10 ¶¶ 2–18.  Neither the

officers' written reports nor their oral statements can support a defamation claim,

because those communications are privileged.

 Additionally, Huggler's amended complaint (Doc. 22) already includes

claims of "False Arrest w/ Excessive Force, Failure to Intervene," and "Illegal

Search[] and Seizure[]." Prop. Second Am. Compl. at 1–2; *see also* Am. Compl.

(Doc. 22-1) at 8–10.

But the amended complaint does not appear to state a claim of "False

Imprisonment," *id*. at 1, or an allegation that Huggler was "in jail for 15 days *due*

*to* Gane's illegal arrest." *See id.* at 10 ¶ 19 line 1 (emphasis added). False

imprisonment is a state tort claim, but it is also an extension of Huggler's original

Fourth Amendment claim for false arrest. *See, e.g.*, *Manuel v. City of Joliet*, __

U.S. __, 139 S. Ct. 911, 914–15, 918–19 (2019). Huggler will be permitted to add

the claim against both defendants, limited to the factual allegation that he was held

in jail for 15 days due to the illegal arrest.

In all other respects, leave to amend to add new claims should be denied as

futile.

**D. Plaintiff's Motion to Stay**

Huggler moves to stay the case until his motion to amend has been decided.

He argues that a stay is appropriate because the state court's failure to issue factual

findings regarding the legality of his arrest deprived him of due process. *See* Pl.

Mot. to Stay (Doc. 70) at 2 ¶ 3; *see also* Supp. to Mot. (Doc. 72) at 1–4.

Huggler's argument arises from the flawed assumption that a criminal case

cannot be dismissed until the defendant agrees to the basis for its dismissal. As no

law exists to support this assumption, it is not a reasonable basis for a stay. The

motion for a stay (Doc. 70) will be denied.

### E.  Proposed Third Amended Complaint

On March 26, 2021, Huggler submitted a proposed third amended

complaint.  It consists of 71 pages and describes events known to Huggler as of at

least September 2019.  *See, e.g.*, Prop. Third Am. Compl. (Doc. 79) at 22–71 ¶¶

36–215.  On April 13, 2021, Huggler moved for a two-week extension of time to

file a brief in support of his motion (Doc. 83).

Huggler did not submit the proposed amended complaint in the appropriate

form.  *See* D. Mont. L.R. 7.1(d)(1)(A), 15.1 (Dec. 1, 2019).  The Court will

construe the proposed third amended complaint in the form Huggler submitted it,

that is, as his motion, brief, and proposed pleading.  Huggler's motion for

additional time to file a second brief (Doc. 83) will be denied.

The deadline for amendments to the pleadings expired on November 6,

2020.  *See* Am. Scheduling Order (Doc. 57) at 2 ¶ 2.  Leave to amend a pleading

after expiration of the deadline for amendment requires a showing of "good cause"

to modify the scheduling order.  *See* Fed. R. Civ. P. 16(b)(4); Am. Scheduling

Order at 2 ¶ 2.  The "standard primarily considers the diligence of the party

seeking the amendment." *In re Western States Wholesale Nat'l Gas Antitrust*

*Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth*

*Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).  If the party moving to

amend "was not diligent, the inquiry should end." *Johnson*, 975 F.2d 609.

Huggler describes in detail how and why he believes his contacts with law enforcement have occurred and why they should cease, or at least change. But he does not provide a reason related to his litigation of this case that explains why he did not timely submit his proposed third amended complaint. Even assuming his allegations are true, truth does not establish good cause to allow belated amendment. The motion for leave to file a third amended complaint (Doc. 79) should be denied.

## F. Defendants' Motion for Summary Judgment

Defendants seek summary judgment on the grounds that Huggler's traffic offenses provided probable cause to arrest him, thus defeating any claim of false arrest (and, by logical extension, false imprisonment). "[I]n principle every Fourth Amendment case, since it turns upon a 'reasonableness' determination, involves a balancing of all relevant factors." *Whren v. United States*, 517 U.S. 806, 817 (1996). But "the result of that balancing is not in doubt where the search or seizure is based upon probable cause." *Id.* at 818. "[P]robable cause justifies a . . . seizure." *Id*. at 819.

Huggler does not dispute that Gane saw him committing, at the very least, the offense of riding his motorcycle on a public highway without a motorcycle endorsement on his license. *See* Gane Aff. (Doc. 75-1) at 2–3 ¶¶ 6–8; Gane Aff.

Ex. A (Doc. 75-2) at 3 paras. 3–6.  Probable cause to arrest exists "when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *Garcia v. County of Merced*, 639 F.3d 1206, 1209 (9th Cir. 2011) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)); *see also Whren*, 517 U.S. at 813.  If probable cause supports arrest for any offense, the Fourth Amendment is satisfied, even if the officer actually arrests the plaintiff on a charge for which probable cause is lacking.  *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Equally, a person who commits an offense "in the presence of an arresting officer" may be arrested, even if state law proscribes arrest and requires the officer to issue a summons or citation.  *See Virginia v. Moore*, 553 U.S. 164, 176 (2008); *Atwater v. Lago Vista*, 532 U.S. 318, 346–47 (2001).  Gane clearly had probable cause to arrest Huggler for riding his motorcycle without the proper license.  This probable cause also supported the issuance of a citation and notice to appear.

Nevertheless, it appears that the process related to the license and the other traffic infractions had been completed, and Huggler had been released on those violations, before he was placed under arrest.  Huggler asserts he was cited for those infractions, was told he was free to go, and only then was arrested.  *See, e.g.*, Pl. Br. in Supp. (Doc. 77-1) at 2 ¶ 1.  Although not addressed in Defendants' Statement of Undisputed Facts, Gane's report appears to support Huggler's version

15

of events.  Gane reports that Huggler was cited for the traffic infractions and given a notice to appear; he was told he was free to go, and when he did not leave voluntarily, he was commanded to leave; and when Huggler again declined to depart, he was arrested for obstruction.  *See* Gane Aff. (Doc. 75-2) at 2-3. Defendants do not argue in their motion that they had probable cause to arrest Huggler for obstruction; they rely instead on the traffic violations which preceded the alleged obstruction.  *See e.g.*, Defs. Br. in Supp. (Doc. 74) at 9.  Therefore, the issue is whether the probable cause that supported issuance of traffic citations also extended forward to support Huggler's arrest for new and different conduct that occurred after he received the citations and was released.  Defendants' motion for summary judgment does not address this issue either factually or legally.

Further, it is unclear whether Defendants considered the claim of excessive force or believe it must be tried.  Defendants do not address the excessive force claim, but nevertheless request that the "Court enter summary judgment in their favor and dismiss this matter in its entirety."  Defs. Br. in Supp. at 9.  In addition, Defendants have not had the opportunity to address the Fourth Amendment false imprisonment claim in Huggler's second amended complaint.  Accordingly, their motion for summary judgment should be denied at this time.  The denial should be without prejudice, if Defendants choose to file a new motion addressing the issues identified herein.

With respect to any future summary judgment motions, the Court notes that Huggler's response did not comply with the Local Rules. *See, e.g.*, D. Mont. L.R. 56.1(b) (Dec. 1, 2019). If Defendants file a second motion for summary judgment, Huggler's failure to comply with the Local Rules and file a Statement of Disputed Facts "will be deemed an admission that no material facts are in dispute." L.R. 56.1(d).

In addition, Huggler refers to Gane's and Jessop's dashboard camera videos as "in evidence." *See, e.g.*, Pl. Br. in Resp. (Doc. 77-1) at 4 ¶ 5, 5 ¶ 10. They are not in evidence before this Court.

Finally, to the extent Huggler claims summary judgment is premature because the allegations of his amended complaint are "unanswered," Pl. Resp. (Doc. 77) at 2, he is mistaken. Defendants answered the amended complaint on May 20, 2020 (Doc. 36).

### G.  Defendants' Motion for Telephone Status Conference

Defendants ask the Court to set a telephone conference to clarify the scope of the action and to discuss a revised scheduling order. An extension of the schedule is appropriate and is set forth below. A conference is not necessary at this time.

/ / /

## H.  Plaintiff's Disclosure Statement

The Court notes that the parties' disclosures were due on October 30, 2020. *See* Am. Scheduling Order (Doc. 57) at 1–2; Scheduling Order (Doc. 40) at 1–3 ¶¶ 1–4.  The Court does not know whether Huggler failed to comply with all the requirements, but he failed to file a disclosure statement.  His statement must be limited to the claims actually at issue in this action.  He is advised that failure to comply with the Court's orders may result in sanctions, such as exclusion of otherwise relevant and admissible evidence or dismissal of his case.  *See, e.g.*, Fed. R. Civ. P. 16(f), 37(b)(2)(A)(ii), (v), 41(b).

Based on the foregoing, the Court enters the following:

## ORDER

1.  Huggler's objection to the denial of his motion for summary judgment (Docs. 61, 62) is OVERRULED as unrelated to the reason for the motion's denial.

2.  Huggler's motion to determine the admissibility of his conversation with his attorney (Doc. 65) is DENIED, subject to renewal at trial.

3.  Huggler's motion to amend his complaint (Doc. 67) is GRANTED, limited to addition of the Fourth Amendment claim of false imprisonment against both defendants and to addition of the allegation that Huggler was "in jail for 15 days due to Gane's illegal arrest."  *See* Prop. Second Am. Compl. at 10 ¶ 19 line 1.

/ / /

4.  In view of the limited new claim, Defendants must file a brief supplemental answer and supplemental disclosure statement and must supplement their disclosures, as appropriate, on or before **May 17, 2021**.

5.  Defendants' motion for a telephonic status conference (Doc. 69) is DENIED.

6.  Huggler's motion for a stay (Doc. 70) is DENIED.

7.  Huggler must file his disclosure statement on or before **May 17, 2021.**

8.  Huggler's motion for an extension of time to file a brief in support of his motion for leave to file a third amended complaint (Doc. 83) is DENIED.

9.  The Amended Scheduling Order (Doc. 57) is AMENDED as follows:

| | |
|---|---|
| Service of Discovery Requests and Disclosure of Expert Witnesses | **July 19, 2021** |
| Discovery Responses | **August 20, 2021** |
| Pretrial Motions | **September 20, 2021** |
| Filing of Proposed Final Pretrial Order (if no dispositive motions are filed) | **October 20, 2021** |

The Court also enters the following:

## RECOMMENDATION

1.  Except as to the new claim of false imprisonment, Huggler's motion for leave to file a second amended complaint to add new defendants and new claims (Doc. 67) should be DENIED.

2.  Defendants' motion for summary judgment (Doc. 73) should be

DENIED.

3.  Huggler's motion for leave to file a third amended complaint (Doc. 79)

should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may object to the Findings and Recommendations within 14

days.  *See* 28 U.S.C. § 636(b)(1).[2]  Failure to timely file written objections may bar

a de novo determination by the district judge and/or waive the right to appeal.

Huggler must immediately advise the Court of any change in his mailing

address.  Failure to do so may result in dismissal of the action without notice to

him.

DATED this 15th day of April, 2021.


　　　　　　　　　　　　　　　 */s/ Timothy J. Cavan*
　　　　　　　　　　　　　　　 Timothy J. Cavan
　　　　　　　　　　　　　　　 United States Magistrate Judge


---

[2]  This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.