IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD H. HUGGLER,<br><br>              Plaintiff,<br><br>vs.<br><br>ADAM GANE and NICHOLAS MONACO,<br><br>              Defendants. | CV 19-39-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Cavan's Findings and Recommendations on various motions, issued on April 15, 2021. (Doc. 84). Judge Cavan recommend that *pro se* Plaintiff Edward Huggler's motion for leave to file a second amended complaint and his motion to file a third amended complaint be denied, and that Defendants Adam Gane and Nicholas Monaco's motion for summary judgment be denied. (Doc. 84 at 19-20). Defendants timely objected. (Doc. 85). Plaintiff, despite his voluminous unrelated filings on other docket items, does not appear to have objected and has not filed a response to Defendants' objections.

//

//

1

## I. Standard of Review

The Defendants filed timely objections to the Findings and Recommendations. (Doc. 85). The Defendants are entitled to de novo review of those portions of Judge Cavan's Findings and Recommendations to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When neither party objects to a determination of the Magistrate, this Court reviews the Magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

## II. Factual Background

Neither party objects to Judge Cavan's recitation of the facts in this case. For clarity's sake, the relevant facts from his findings are recounted here.

On September 16, 2018, Defendant Montana Highway Patrol Trooper Adam Gane was on patrol in Ravalli County, Montana, when he received a report that a "white male with white hair, dressed in black was riding a motorcycle without his hands on the handlebars" and had nearly struck a pedestrian. Because of prior experiences he had with Huggler while both on and off-duty, Gane suspected that Huggler was the motorcyclist. Therefore, when Gane saw Huggler riding a motorcycle later that day, he followed Huggler and ultimately stopped him. While

following Huggler, he observed Huggler fail to stop for a stop sign and fail to signal for a turn. Gane also became aware that Huggler did not have a completed Montana motorcycle license. After stopping Huggler, Gane called for assistance, and Ravalli County Deputy Sheriff Nicholas Monaco responded.

It appears Gane completed citations for failing to stop at a stop sign, failing to signal for a turn, defective signal lamps and no motorcycle endorsement. Since Huggler did not have a valid motorcycle endorsement, Gane called a tow truck to have the motorcycle removed from the scene and secured. Gane issued the citations and notices to appear to Huggler and advised him that he was free to go. In his report, Gane states that, although he advised Huggler he was free to leave, Huggler said he was going to stay with his motorcycle until someone came to pick it up. Gane did not want Huggler to stay on the scene, and he "commanded" Huggler to leave, but he declined. Gane ultimately arrested Huggler with the assistance of Deputy Monaco. In his report, Gane states that he placed Huggler "under arrest for obstructing."

### III. Analysis

To the extent that Judge Cavan's Findings and Recommendations are not objected to, those portions have been reviewed for clear error and, finding no error, are adopted. In this action, Huggler challenges the lawfulness of his arrest and

3

alleges that Defendants lacked probable cause to arrest him and made false statements in the process and thereby violated his constitutional rights. Judge Cavan determined that, while the officers had probable cause to arrest Huggler when they conducted the initial stop and citation process for licensing and traffic infractions, they did not possess probable cause to arrest him for obstruction because the prior process had been completed and Huggler had been released. (Doc. 84 at 15).

Defendants object to Judge Cavan's finding that summary judgment in their favor is inappropriate. Defendants specifically assert that Judge Cavan erred in finding that Gane and Monaco did not have probable cause to arrest Plaintiff and additionally erred in not determining whether Gane and Monaco are entitled to qualified immunity. (Doc. 85 at 2-3). Judge Cavan, in his findings, did not directly address qualified immunity.

"Qualified immunity protects government officials from suits for money damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Isayeva v. Sacramento Sheriff's Dep't.*, 872 F.3d 938, 946 (9th Cir. 2017) (citing *Hughes v. Keisla*, 862 F.3d 775, 782 (9th Cir. 2017) (internal quotation marks omitted). To determine whether an officer is entitled to qualified immunity, a court must evaluate two independent questions: (1) whether the officer's conduct violated a

4

constitutional right, and (2) whether that right was clearly established at the time of the incident. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016). The Court has discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In the context of an unlawful arrest, a clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (internal citation omitted). Stated differently, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Anderson v. Creighton*, 483 U.S. 635, 640 (1986).

Even if the Court assumes that a jury would find the facts as Huggler suggests, the Court cannot determine that no reasonable officer could have thought he had probable cause to arrest Huggler for obstruction of justice or the remaining traffic infractions. Judge Cavan only addressed whether the officers' conduct in arresting Huggler for obstruction arguably violated a constitutional right. He did not make any findings about qualified immunity and failed to examine whether the right was clearly established. As outlined above, to be a clearly established right, every reasonable official must understand that the conduct violates that right. Here, Huggler was told to leave the scene and did not, even after repeated warnings. An arrest in this context is not plainly violative of a constitutional right.

5

Furthermore, Huggler has presented no evidence to meet his burden in proving that the right was "clearly violated." The Court, absent a showing of proof, cannot determine that a reasonable officer in Gane or Monaco's position could not have possibly thought that probable cause to arrest Huggler existed at the time. Qualified immunity confers a total defense from suit, not just from liability, and so, finding that qualified immunity applies in this instance, the Court finds that the matter should be dismissed with prejudice.

### IV. Conclusion

Judge Cavan's Findings and Recommendations (Doc. 84) are ADOPTED in part and REJECTED as to his determination on Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment (Doc. 73) is GRANTED and, as no issues remain, the matter should be DISMISSED with prejudice and judgment entered in favor of Defendants Gane and Monaco.

DATED this 30th day of August 2021.

SUSAN P. WATTERS
United States District Judge